IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CR-434-M-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | **GOVERNMENT'S RESPONSE IN** |
| v. | ) | **OPPOSITION TO DEFENDANT'S** |
| | ) | **MOTION IN LIMINE [D.E. 341]** |
| CHRISTOPHER LAMAR BAKER | ) | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, hereby responds in opposition to the Defendant's Motion in Limine to preclude the Government from introducing evidence of Defendant's membership in the Pagan's Motorcycle Gang (PMC) at the trial in this case set to commence on September 12, 2022. The Government does not seek to introduce evidence of Defendant's prior affiliation with the Hells Angels Motorcycle club or evidence of prior violent acts.

The Government seeks to make use of the fact that Defendant was a PMC member and leader. Specifically, the Government seeks to introduce evidence that many of the cooperating co-defendants were either members or directly affiliated with the PMC, and that Defendant used his leadership position in the club to direct others to assist him in the trafficking of methamphetamine and firearms. Those facts are probative of Defendant's motive, intent, and knowledge as to the crime alleged in this case.

**RELEVANT FACTS**

During the course of the investigation into the drug trafficking activities of

1

Defendant, law enforcement identified several subjects involved in the distribution of kilogram quantities of methamphetamine and illegal firearm sales in North Carolina and other areas in the United States by the PMC and led by Defendant. The trial evidence will show that Defendant was the leader of the PMC in North Carolina, a wholly illegitimate criminal enterprise. The PMC is recognized internationally by law enforcement as an Outlaw Motorcycle Gang ("OMG") based criminal enterprise which has leaders across the United States and Puerto Rico. The PMC has a long history of drug and firearms trafficking in the areas it operates. Defendant has been described by cooperating witnesses as the leader of the North Carolina PMC and according to numerous law enforcement intelligence units, is believed to have previously held the rank of President of the Raleigh, North Carolina chapter of the PMC. Prior to his arrest on the instant case, Defendant was promoted to the rank of "Diamond" which is a member of the PMC mother chapter that is responsible for overseeing all the PMC members in their designated area.

Additionally, Defendant was responsible for the acquisition and distribution of kilogram quantities of methamphetamine for the Drug Trafficking Organization (DTO) linked to the PMC. The trial evidence will show that Defendant's DTO is responsible for the distribution of methamphetamine and firearms across multiple states, including North Carolina. Specifically, during the current investigation into Defendant and the PMC, twelve controlled purchases of methamphetamine were conducted by law enforcement involving Defendant, some of which also involved the purchase of firearms. Several members of the PMC assisted Defendant by travelling

2

with him to the controlled purchase, including by driving Defendant and providing security during the purchases.

Additionally, Defendant has sources of supply in other states, including Georgia. Several cooperating coconspirators traveled with Defendant on resupply runs by driving him and providing security. Lastly, members or those associated with Defendant laundered money received during the controlled buys on Defendant's behalf.

## **DISCUSSION**

### A. *Evidence of Defendant's involvement in the PMC is admissible as intrinsic evidence*

Federal Rule of Evidence 404(b) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). Such evidence may, however, be admissible for other purposes, including to demonstrate "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id.

Rule 404(b) applies only to extrinsic evidence. Thus, evidence of other crimes or uncharged conduct does not constitute "other crimes" under Rule 404(b) if they "'arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime [on] trial.'" United States v. Pollino, 329 F. App'x 478, 481 (4th Cir. 2009) (quoting United States v. Kennedy, 32 F.3d 876, 885 (4th Cir. 1994)); see also United States v. Thompson, 195 F. App'x 191, 196 (4th Cir. 2006) ("Where testimony is admitted as to acts intrinsic to the crime charged, and is

3

not admitted solely to demonstrate bad character, it is admissible."). Acts are intrinsic to the charged offense, and thus not subject to Rule 404(b), "when they are "inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." Id. (quoting United States v. Chin, 83 F.3d 83, 88 (4th Cir. 1996)); See also, United States v. Basham, 561 F.3d 302, 327 (4th Cir. 2009) ("Rule 404(b) does not bar evidence that completes the story of the crime or explains the relationship of parties or the circumstances surrounding a particular event." (quotations and citation omitted)).

For example, in United States v. Santiago, the Fourth Circuit held that the defendant's "membership in the Bloods, his admission of being a bounty hunter, and his presence in rival gang territory explain the reason he was carrying a firearm—to facilitate his gang activities." 344 F. App'x 847, at 850 (4th Cir. 2009). Thus, the court concluded, evidence of his gang membership "was, therefore, intrinsic to the firearm possession as it provided the reason for the gun possession, and provided the jury with background information as to the possession of the firearm." Id.

Here, evidence of Defendant's involvement in the PMC is inextricably intertwined with his distribution of methamphetamine, possession and trafficking of various firearms, and his conspiracy to distribute methamphetamine. The government's evidence will show that Defendant used lower ranking members of the PMC to assist in distributing methamphetamine on Defendant's behalf, or aided and abetted him in that conduct in order to maintain or further their position in the PMC. The evidence, therefore, is not being offered to show Defendant's character, but to

4

explain necessary preliminaries to the crimes charged in order to complete the story and explain the scale and scope of the conspiracy. Otherwise, the jury will be left to wonder why these individuals would participate in such acts.

B. *Evidence of Defendant's involvement in the PMC is admissible under Rule 404(b)*

Alternatively, if such evidence is found to constitute evidence of a crime, wrong, or other act not directly intertwined with the charged conduct, such evidence could still be admissible for a non-propensity purpose pursuant to Federal Rules of Evidence 404(b)(2). The Fourth Circuit has held that Rule 404(b) is "a rule of inclusion because it 'recognizes the admissibility of prior crimes, wrongs, or acts, with only the one stated exception.'" United States v. Bell, 901 F.3d 455, 465 (4th Cir. 2018) (quoting United States v. Queen, 132 F.3d 991, 994 (4th Cir. 1997)). The Fourth Circuit uses a four-part test to assess the admissibility of evidence under 404(b) and 403:

> (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) . . . its probative value must not be substantially outweighed by its prejudicial nature.

United States v. Lespier, 725 F.3d 437, 448 (4th Cir. 2013) (quoting Queen, 132 F.3d at 995); see also United States v. Phillips, No. 19-4271, 2022 U.S. App. LEXIS 7196, at *5–6 (4th Cir. Mar. 18, 2022) (quoting United States v. Cowden, 882 F.3d 464, 472 (4th Cir. 2018)).

Here, evidence of Defendant's involvement with the PMC is relevant to establishing his motive for carrying a firearm, his knowledge of the scope of the

5

conspiracy and acts of testifying co-defendants, and his opportunity to direct others to distribute methamphetamine on his behalf. This was a large-scale drug distribution conspiracy, in which defendant was a leader or organizer. He directed other people to take actions on his behalf and to assist in his crimes. He had the *opportunity* to do so because he was a high level member of this motorcycle gang with numerous people under him within the organization. Thus, evidence of his involvement in the gang is relevant to show he had the opportunity to direct this large scale conspiracy.

Similarly, evidence of his involvement in the gang is relevant to show that he had *knowledge* of what these other individuals/coconspirators were doing. Because of how the gang was structured, he knew what those below him were doing and in fact directed their actions sometimes. Thus, the evidence is not being offered to show that because he was in a gang, he had a propensity for criminal conduct; rather, it is being offered to show that because he had access to individuals that were at his beck and call, he could use those individuals to further the drug conspiracy and methamphetamine trafficking.

Additionally, this evidence will be offered through the testimony of numerous law enforcement officers as well as cooperating witnesses. There is a plethora of evidence linking Defendant to the PMC. There is no indicia of unreliability.

Finally, the fourth factor of the Rule 404(b) analysis is essentially that the evidence satisfy the Rule 403 balance—that the evidence's probative value **not** be substantially outweighed by its prejudicial effect. See Fed. R. Evid. 403 (emphasis

6

Case 5:21-cr-00434-M   Document 401   Filed 08/23/22   Page 6 of 9

conspiracy and acts of testifying co-defendants, and his opportunity to direct others to distribute methamphetamine on his behalf. This was a large-scale drug distribution conspiracy, in which defendant was a leader or organizer. He directed other people to take actions on his behalf and to assist in his crimes. He had the *opportunity* to do so because he was a high level member of this motorcycle gang with numerous people under him within the organization. Thus, evidence of his involvement in the gang is relevant to show he had the opportunity to direct this large scale conspiracy.

Similarly, evidence of his involvement in the gang is relevant to show that he had *knowledge* of what these other individuals/coconspirators were doing. Because of how the gang was structured, he knew what those below him were doing and in fact directed their actions sometimes. Thus, the evidence is not being offered to show that because he was in a gang, he had a propensity for criminal conduct; rather, it is being offered to show that because he had access to individuals that were at his beck and call, he could use those individuals to further the drug conspiracy and methamphetamine trafficking.

Additionally, this evidence will be offered through the testimony of numerous law enforcement officers as well as cooperating witnesses. There is a plethora of evidence linking Defendant to the PMC. There is no indicia of unreliability.

Finally, the fourth factor of the Rule 404(b) analysis is essentially that the evidence satisfy the Rule 403 balance—that the evidence's probative value **not** be substantially outweighed by its prejudicial effect. See Fed. R. Evid. 403 (emphasis

added). "The mere fact that the evidence will damage the defendant's case is not enough—the evidence must be <u>unfairly</u> prejudicial, and the unfair prejudice must <u>substantially</u> outweigh the probative value of the evidence." <u>United States v. Hassan</u>, 742 F.3d 104, 135 (4th Cir. 2014) (citation omitted) (emphasis in original). "[R]elevant evidence should only be excluded under Rule 403 'when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence.'" <u>Id.</u> at 132 (quoting <u>United States v. Seigel</u>, 536 F.3d 306, 319 (4th Cir. 2008)). "Generally speaking, 'bad acts' evidence, admissible under Rule 404, is not barred by Rule 403 where such evidence 'did not involve conduct any more sensational or disturbing than the crimes with which [the defendant] was charged.'" <u>United States v. Byers</u>, 649 F.3d 197, 210 (4th Cir. 2011) (quoting <u>United States v. Boyd</u>, 53 F.3d 631, 637 (4th Cir. 1995)).

Here, evidence of Defendant's membership in the PMC is highly probative to explaining the scope of the conspiracy, completing the story, demonstrating his motive for possessing firearms, and showing his opportunity to lead a large-scale conspiracy. It is unlikely the jury will be excited to irrational behavior by the evidence. Nor is it likely, as Defendant suggests, that the evidence will create a trial within a trial. The probative value of the evidence is not substantially outweighed by the prejudicial effect and therefore the evidence should be admitted pursuant to Rule 404(b) for the above-described non-propensity purposes.

Furthermore, in order to minimize any potential prejudicial effect that the introduction of Defendant's membership in the PMC could have on the jury, a limiting

7

instruction could be given to the jury to eliminate the risk of unfair prejudice against the Defendant. Such instructions would inform the jury to only consider the evidence of the Defendant's membership in the club to consider opportunity and planning of the conspiracy to possess and intent to distribute methamphetamine, and not the mere fact that Defendant is part of the PMC renders him guilty of the crime charged.

Thus, since the evidence of the Defendant's membership and leadership in the PMC helps to establish opportunity to commit the instant offense and its probative value outweighs the prejudicial effect on the defendant, it is admissible under the Federal Rules of Evidence. Additionally, the Government can propose a limiting instruction concerning Rule 404(b), thereby providing further protection to the Defendant.

## CONCLUSION

WHEREFORE, this Court should permit the Government to introduce Defendant's membership in the PMC at trial. The Government does not seek to introduce evidence of Defendant's prior membership in the Hells Angels Motorcycle Club or evidence of prior violent acts.

Respectfully submitted this 23rd day of August, 2022.

        MICHAEL F. EASLEY, JR.
        United States Attorney

        BY:   /s/ Robert J. Dodson
        ROBERT J. DODSON
        Assistant United States Attorney
        Criminal Division
        150 Fayetteville Street, Suite 2100
        Raleigh, NC 27601
        Telephone:  (919) 856-4054

Facsimile: (919) 856-4487
Email: robert.dodson@usdoj.gov
NC Bar No. 41210

BY: /s/ Kelly L. Sandling
KELLY L. SANDLING
Assistant United States Attorney
Criminal Division, OCDETF Section
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601-1461
Tel.: (919) 856-4342 | Fax: (919) 856-4487
Email: kelly.sandling@usdoj.gov
NC Bar No.: 28058

CERTIFICATE OF SERVICE

This certifies that a copy of this response has, this 23rd day of August, 2022, been served upon the defendant by CM/ECF as follows:

DAMON J. CHETSON
19 W. Hargett St., Suite 508
Raleigh, North Carolina 27601
damon@cheston.com
Office: (919) 352-9411
Fax: (919) 249-1396
NC Bar #39575

/s/ Robert J. Dodson
ROBERT J. DODSON
Assistant United States Attorney
Criminal Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4054
Facsimile: (919) 856-4487
Email: robert.dodson@usdoj.gov
NC Bar No. 41210