IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-0434-M-1
5:21-CR-00434-M-13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MOTION TO EXCLUDE EXPERT |
| | ) | TESTIMONY |
| CHRISTOPHER BAKER | ) | (GANG AND DRUG |
| LANDON HOLCOMB, | ) | TRAFFICKING) |
| Defendant. | ) | |

**Motion *in limine* to preclude improper expert testimony, for exclusion of Government gang and drug trafficking expert testimony, and for *voir dire* of government gang expert witnesses.**

Now Comes Defendants Christopher Baker and Landon Holcomb, by and through Counsel, and move this Court to order exclusion of certain testimony, to exclude Jeremy Scheetz and Steven Babits from being admitted as expert witnesses in either "outlaw motorcycle gangs" or in drug trafficking organizations.

## I. *Tardiness and Inadequacy of Government's Notice*

On August 31, 2022, just seven business days before the start of this trial, the Government now gives notice of its intent to seek the admission of purported experts in DE 429. The Government's notice is too late, and deficient, especially in a case where no charging document (among the four returned by the Grand Jury) allege gang or outlaw motorcycle club membership or make any RICO-like complaint. The expert testimony of Jeremy Scheetz and Steve Babits should be excluded.

1

### *Jeremy Scheetz*

The Government's paragraph-long explanation of Jeremy Scheetz's qualifications and purported opinions is wholly inadequate. The undersigned have received, as of today, five (5) productions comprising more than 80 gb of discovery including more than 5,000 individual items (documents, videos, photographs, etc) and thousands of pages. Significant productions have been received in the last 45 days, including multi-gigabyte productions received in the last 7 businsess days. A cursory review of these productions does not reveal the name Jeremy Scheetz, nor does the Government provide a citation in DE 429 to any Government document reports or resumé for Mr. Scheetz.

Furthermore, Mr. Scheetz has apparently never been admitted as an expert in the Pagans Motorcycle Club ("PMC"), but rather a purported expert in the Hells Angels ("HA")[1], a different club with, one would presume, different rules and structures. The Government's reference to Mr. Scheetz's admission as an expert in a Northern District of California federal court does not provide the case numbers, the date of testimony, the number of times testifying as an expert, or any specialized training or expertise in a recognized field.

### *Steve Babits*

The Government's notice regarding Mr. Babits is equally deficient. Federal Rule of Evidence 702 permits a witness to be qualified as an expert if the scientific, technical, or other specialized knowledge will help the the jury to understand the evidence or determine a fact in issue. The Government cites no fact at issue that the jury would be unable or hard to

---

[1] The Hells Angels is a motorcycle club founded in Fontana, California (https://en.wikipedia.org/wiki/Hells_Angels_Motorcycle_Club, accessed 8/31/2022), while the Pagan's Motorcycle Club was founded in Prince George's County, Maryland (https://en.wikipedia.org/wiki/Pagan%27s_Motorcycle_Club, accessed 8/31/2022.

understand that would be therefore resolved through a "drug trafficking" "expert". To the extent that the Government contends that the defendants operated within a drug trafficking organization (as opposed to a run-of-the-mill conspiracy), the Government does not say what that organization is and how it operated in such a way that would be difficult for jurors to determine without the help of a purported expert.

Furthermore, the Government does not provide Curriculum Vitae to provide defense counsel with adequate time to prepare to repond to either Mr. Babits' or Mr. Scheetz' testimony.

## II. Preclusion of inadmissible or irrelevant testimony.
### A. Conflation of expert and fact testimony.

The Court should issue an order prohibiting Steve Babits, Jeremy Scheetz, or any other Government experts from testifying to inadmissible hearsay in their roles as expert witnesses. Specifically, the Defense is concerned that Babits, Scheetz or other expert witnesses might conflate their roles as experts given their involvement with the case as fact witnesses. Detective Babits worked on this case. The Defense has concerns he might offer opinions on the purpoted Drug Trafficking Organization based on his experience as a fact witness. Testifying from a dual perspective creates an undue risk of jury confusion and an unacceptably high risk that a juror might accept fact testimony as expert testimony. *See, e.g., United States v. Garcia,* 752 F.3d 382 (4th Cir., 2014).

Similarly, if qualified, the Defense has concerns that Mr. Scheetz might base his knowledge on conversations with non-testifying witnesses or discussions with local investigators regarding their investigation of the case. If Mr. Scheetz were to testify as such, he would simply be acting as a conduit for fact evidence that would then come into evidence through an expert lens.

3

Thus, any such testimony would not represent "specialized knowledge that will help the trier of fact to understand the evidence," (Fed. R. Evid. 702), it would just be regular evidence being repeated by an expert.

Similarly, some of the evidence adduced might derive from custodial interrogations or other similar impermissible hearsay, providing a gateway for the improper admission of testimonial evidence. *See United States v. Mejia,* 545 F.3d 179, 197-99 (2008) (finding gang expert exceeded the scope of Rule 702 through "factual testimony about matters that required no specialized knowledge," and Rule 703 by "repeating hearsay without applying any expertise whatsoever.") (citing *Crawford v. Washington,* 541 U.S. 36, 54 (2004)).

### B. Improper Propensity Evidence

To the extent that Mr. Scheetz or Mr. Babits testify about general activites of either Outlaw Motorcycle Clubs, the Pagan's Motorcycle Club, or Drug Trafficking Organizations, their testimony would be at odds with Fed. R. Evid. 404(a). The Rule provides that, "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Here, while Santana does not address the character or one individual, he addresses the character of a group of individuals, which the Government will allege includes all four defendants.

The testimonial evidence, as proffered, is clearly the type of evidence which is designed to show an individual acted in in accordance with a character trait involving a propensity to commit crimes. *See, e.g., United States v. Roark*, 924 F.2d 1426, 1434 (8th Cir. 1991) (reversing and granting new trial because gang evidence so pervasive that "entire theme of the trial [became] guilty by association"); *United States v. Lemon*, 239 F.3d 968,

971 (8th Cir. 2001). The evidence is thus directly at odds with the rules and should be excluded.

### C. Testimony that infringes on the function of the jury.

The Defense does not know precisely how Mr. Scheetz or Mr. Babits will testify. However, should they testify that defendants engaged in a particular act as part of a drug trafficking organization, they would be testifying to an element of drug as an expert and providing impermissible opinion testimony. Rule 704(a) "should not, and does not, permit the expert witness to usurp the province of the jury." *Adalman v. Baker, Watts & Co.*, 807 F.2d 359 (4th Cir., 1986) (abrogated on other grounds by *Pinter v. Dahl,* 486 U.S. 622 (1988)). *See also, United States v. McIver*, 470 F.3d 550, 562 (4thCir. 2006) ("[O]pinion testimony that states a legal standard or draws a legal conclusion by applying law to the facts is generally inadmissible."); *United States v. Perkins*, 470 F.3d 150, 158 (4th Cir., 2006) (noting that testimony with specific legal terms "involves the use of terms with considerable legal baggage; such testimony nearly always invades the province of the jury"); *United States v. Ibarra*, 493 F.3d 526, 532 (5thCir. 2007) (agent's testimony that drug cartel would not entrust large shipment to person who didn't know what he was carrying was reversible error under Rule 704(b))

Here, if either of the Government's proposed experts or another witness were to testify to the commission of drug trafficking acts or gun trafficking acts, he would invade the province of the jury. The Court enter an order prohibiting testimony as such.

### III. The Court should exclude Jeremy Scheetz' testimony under 702 and 703.

### A. Scheetz' Testimony should be excluded under Rule 702 where his

*testimony is not "expert" testimony and where he lacks sufficient familiarity with Pagan's Motorcycle Club activity in the Eastern District of North Carolina.*

Rule 702 requires that expert testimony concern "scientific, technical, or other specialized knowledge." Testimony is only expert testimony where the matters are "within the common knowledge of jurors." *United States v. Lespier,* 725 F.3d 437, 449 (4th Cir., 2013).

Much of the testimony likely proffered by the Government is well within the ken of the average juror.

In *United States v. Mejia,* 545 F.3d 179, 196 (2nd Cir., 2008), the court overturned convictions of multiple gang members convicted in a RICO indictment where the agent testified to gang matters that amounted to "factual testimony about matters that required no specialized knowledge."

### B. Scheetz' and Babibt's testimony should be excluded, at least in part, based on Rule 703 and Crawford, as their testimony will consist of repetition of hearsay without application of expert knowledge.

The source of both experts' statements regarding motorcycle club or drug trafficking organization behavior and actions is hearsay. The testimony is not the product of independent analysis, it is the parroting of inadmissible hearsay. These statements are thus hearsay, coming in through the conduit of an expert witness. They do not meet meet the exception for coming in through expert testimony, and similarly violate *Crawford* as the proponents of the statements are not available for cross-examination.

Under Rule 703, experts can testify to opinions based on inadmissible evidence, including hearsay, if "experts in the field reasonably rely on such evidence in forming their opinions." *United States v. Dukagjini,* 326 F.3d 45, 58 (2nd Cir., 2003). However, if the expert is not applying specialized

knowledge, then the expert is introducing hearsay in violation of the rules of evidence and *Crawford*. *See, United States v. Garcia,* 752 F.3d 382 394-95 (4th Cir., 2014) ("the question is whether the expert is, in essence, giving an independent judgment or merely acting as a transmitter for testimonial hearsay.") (*quoting United States v. Johnson* 587 F.3d 625, 636 (4th Cir., 2019)).

"When an expert is no longer applying his extensive experience and a reliable methodology, *Daubert* teaches that the testimony should be excluded." *Dukagjini* at 58. Instead, the expert must form his own opinions by "applying his extensive experience and a reliable methodology" to the inadmissible materials. *Id.* Otherwise, the expert is simply "repeating hearsay evidence without applying any expertise whatsoever," a practice that allows the Government "to circumvent the rules prohibiting hearsay." *Id.* at 58-59.

### IV. *Alternatively, the Defense requests a voir dire of any gang expert witnesses.*

The Defense requests a *voir dire* of any Government witnesses who will testify to gang activity as experts in order to ensure that the witnesses are not basing their opinions on an improper foundation, exceeding their scope as expert witnesses or testifying to facts in a manner "circumvent[ing] the rules prohibiting hearsay." *Mejia* at 197. Alternatively, the Defense would request such questioning as an offer of proof in order to preserve appellate review.

This, the 31st day of August 2022.

| THE CHETSON FIRM, PLLC | THE SALMON LAW FIRM, LLP |
|---|---|
| /s/ Damon Chetson | /s/ Elisa Cyre Salmon |
| Damon Chetson | Elisa Cyre Salmon |
| N.C. State Bar No. 39575 | N.C. State Bar No. 35242 |
| 19 W. Hargett St., Suite 400 | Post Office Box 185 |
| Raleigh, NC 27601 | Lillington, North Carolina 27546 |
| Telephone: (919) 352-9411 | Telephone: (910) 984-1012 |
| Private Counsel for Mr. Baker | CJA Counsel for Mr. Holcomb |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion in Limine was served on the United States Attorney's Office for the Eastern District of North Carolina through ECF.

This the 31st day of August 2022.

<u>/s/ Damon Chetson</u>
Damon Chetson