UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4081

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

CHRISTOPHER LAMAR BAKER,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:21-cr-00434-M-1)

Submitted:  April 29, 2024                                                         Decided:  June 14, 2024

Before GREGORY and HARRIS, Circuit Judges, and David A. FABER, Senior United States District Judge for the Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mark A. Jones, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Lamar Baker was a high-ranking member of a violent motorcycle gang when he was arrested and charged in the Eastern District of North Carolina with eighteen drug and firearm counts. Baker went to trial and was convicted on all counts. On appeal, Baker challenges just one of his firearm convictions. Finding no reversible error, we affirm.

At his trial, Baker admitted to dealing methamphetamine, effectively conceding guilt on the multiple counts charging him with methamphetamine distribution. Baker contested only three counts – Counts 4, 14 and 17 – charging him with possession of a firearm "in furtherance" of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). There was an insufficient nexus, Baker argued to the jury, between his firearm possession and his drug trafficking activities to make the former "in furtherance" of the latter. The jury disagreed and convicted Baker of those offenses as well as the others charged.

The district court sentenced Baker to 360 months' imprisonment for his drug offenses, varying downward from the Sentencing Guidelines range of life imprisonment. The court also imposed a mandatory consecutive 540-month sentence for Baker's three § 924(c)(1) offenses. Most of that § 924(c)(1) sentence – 360 months, or 30 years – was for Count 17, which charged Baker with arranging a trade of drugs for two machine guns plus cash. *See* 18 U.S.C. § 924(c)(1)(B)(ii) (minimum 30-year sentence where firearm is machine gun). In total, Baker was sentenced to serve 900 months (75 years) in prison.

On appeal, Baker challenges only his conviction on Count 17. He does not contest the factual predicate for the charge – that he aided and abetted the exchange of a large

2

quantity of methamphetamine for two machine guns. Instead, echoing his argument to the jury, he contends that in trading drugs for guns, he did not possess the guns "in furtherance" of a drug trafficking offense within the meaning of § 924(c)(1). According to Baker, that exchange was all about his desire to obtain the two machine guns, independent of the drugs he used as payment: He "did not possess firearms in furtherance of drugs," but rather "possessed *drugs* in furtherance of *firearms*." Appellant's Br. at 40.

That argument is foreclosed by circuit precedent. In *United States v. Robinson*, 627 F.3d 941, 955 (4th Cir. 2010), we held that trading drugs for guns *does* constitute possession of a firearm in furtherance of a drug trafficking crime. We recognized that the Supreme Court had (then) recently held in *Watson v. United States*, 552 U.S. 74, 76 (2007), that a defendant who trades drugs for guns does not "use" the guns "during and in relation" to a drug trafficking offense under a separate prong of § 924(c)(1). But *Watson* expressly left open whether such a trade would constitute "possession in furtherance" under § 924(c)(1), we explained. *Robinson*, 627 F.3d at 955; *see Watson*, 552 U.S. at 83. And in our view – aligned with "a growing and consistent body of post-*Watson* precedent" – a drugs-for-guns trade does qualify as possession in furtherance: "Those who trade drugs for firearms necessarily 'possess' those weapons," at least temporarily; and "[c]oming into possession during such trades completes (and thus necessarily furthers) each particular drug-for-firearm trafficking offense." *Robinson*, 627 F.3d at 955.

Baker conjures inconsistency in our application of *Watson*, arguing that we sometimes follow *Robinson* and sometimes do not. But our case law suffers from no such inconsistency: The cases Baker cites as taking a different approach than *Robinson* all

3

involve § 924(c)(1)'s "use" prong, not the "possession in furtherance" prong – which, as we explained in *Robinson*, 627 F.3d at 955, presents an altogether different question. So *Robinson* squarely forecloses Baker's argument on this front, premised as it is solely on the idea that this drugs-for-guns trade cannot, as a matter of law, support a § 924(c)(1) conviction for firearm possession in furtherance of a drug trafficking crime.

Baker raises two other challenges to his Count 17 conviction, but neither succeeds. First, Baker points to errors in the jury instructions for Counts 4 and 14 – but not in the instructions for Count 17, which he concedes were correct. On Counts 4 and 14, the jury was properly instructed on the nature and elements of a "possession in furtherance" offense and on the definition of "in furtherance," but the court mistakenly referred to § 924(c)(1)'s *use* prong, not its *possession* prong, in instructing on "affirmative act" and "intent." Baker, who did not object to the Count 4 and 14 instructions in the district court, now calls them plainly erroneous. *See United States v. Cowden*, 882 F.3d 464, 475 (4th Cir. 2018) (applying plain error standard to challenge to jury instruction raised for first time on appeal). But we need not resolve that issue. As noted above, there is no dispute that the jury was properly instructed on Count 17 – the only conviction Baker challenges – and Baker has given us no reason to think that the jury somehow incorporated the minor errors in the instructions on Counts 4 and 14 into its deliberations on Count 17.

Finally, Baker argues that the district court erred in admitting, over his objection, expert testimony by two agents from the Bureau of Alcohol, Tobacco, Firearms and Explosives about the hierarchy and structure of his gang and about gang drug-distribution practices. We generally permit just this sort of "expert testimony on gang communications,

4

structures, and practices," *United States v. Zelaya*, 908 F.3d 920, 930 (4th Cir. 2018), and Baker offers no persuasive reason for treating this as the exceptional case in which the admission of such testimony amounts to an abuse of discretion, *see id.* (reviewing for abuse of discretion). And even if it were, any error would be harmless given the wealth of evidence against Baker and his own concession as to most of the charges he faced. *See United States v. Smith*, 919 F.3d 825, 839-40 (4th Cir. 2019) (finding harmless any error in admission of expert testimony on gang terminology).

    For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*